**LOCAL DIVISION 1098, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA, AFL-CIO, Plaintiff,**

v.

**EASTERN GREYHOUND LINES, a Division of the Greyhound Corporation, Defendant.**

**Civ. A. No. 260163.**

United States District Court District of Columbia.

Nov. 4, 1963.

Isaac N. Groner, Washington, D. C., for plaintiff.

Robert M. Landis, Philadelphia, Pa., for defendant.

HOLTZOFF, District Judge.

This is an action by a labor union representing railway and motor coach employees against the Eastern Greyhound Lines. The plaintiff asks for an injunction against changes in hours of work of certain maintenance employees of the Greyhound Lines. At this time the case is before the Court on the plaintiff's motion for a preliminary injunction.

Briefly the facts are that one group of maintenance employees of the defendant worked from 3:00 P.M. to 11:30 P.M. Recently the company changed the hours of that shift so that this group of employees works from 4:00 P.M. to 12:30 A.M. In other words, both the beginning and the end of their shift was made an hour later than previously. Another group of employees worked from 11:30 P.M. to 8:00 A.M. and their shift was changed so that they work from midnight to 8:30 A.M. The plaintiff union seeks an injunction against this change.

Apparently the company made this change so as to create an overlap with prior shifts in order to concentrate a greater number of employees at a time when more buses had to be serviced for rush hour commuter traffic. Whether this change was necessary or desirable is not a matter for the Court to determine. This is obviously a subject that is within the sound judgment of those in control and management of the business. The only question is whether there is anything in the law or contracts between the parties that would prevent the company from making this adjustment.

There is a collective bargaining agreement between the Eastern Greyhound Lines and the Union. Counsel for the Union argues that Article 3, Section 1, of this contract bars the company from making the change except with the consent of the Union and that, failing that consent, except after arbitration. This provision reads as follows:

"It is agreed that all existing rules and regulations relating to operation and conduct of the company's business not in conflict with the provisions of this agreement shall remain in effect until superseded or changed by subsequent rules and regulations not in conflict with this agreement. The company agrees that it will not change any rule or regulation that beneficially affects the employees without mutual consent; except that failing such consent the change of such rule or regulation shall become an arbitrable issue and the same may be submitted on the basis of the merits thereof."

The Union relies on the second sentence of the provision just quoted, namely, that "The company agrees that it will not change any rule or regulation that beneficially affects the employees without mutual consent; * * *" The crucial word is "beneficially". Are the hours of work in question a rule or regulation that beneficially affects the employees? It may well be argued that it is not, because it is intended not for the benefit of the employees but for the efficient and effective operation of the company's business. A rule or regulation that beneficially affects the employees would be the number of hours of work, the amount of

wages, so-called fringe benefits, grievance procedure, and the like. It is not necessary for the purposes of this motion to determine definitively whether the change involved in this case is covered by this sentence. The doubt, however, does affect the question whether a preliminary injunction should be granted in the exercise of discretion. The final decision on this question should be left to the trial.

There is some support, I might say, for the position of the defendant that this is not a regulation that beneficially affects the employees, in addition to the mere and obvious meaning of the word, and this support is found in another provision of the contract. Article 20, Section 1, of the same contract provides that:

> "The hours of work for maintenance employees shall be 40 hours a week, to consist of five consecutive days per week, said days to be eight consecutive hours each, excluding a lunch period not to exceed one hour."

Section 8 of the same article provides:

> "The scheduled hours of employees shall not be changed without at least 24 hours prior notice for the first change in any 30-day period and not less than 48 hours notice for any additional change."

Obviously this provision contemplates that the employer may change the scheduled hours of employees at any time, but requires it to give 24 hours' notice in some instances and 48 hours' notice in some others. The necessary inference would seem to be that such changes are not within the provisions of Article 3, Section 1, which require either mutual consent of the employer and the union, or arbitration.

 The Court is not unmindful of the fact that a change like this may cause some temporary hardship to individual employees and their families because they may have to make rearrangements of their daily routine, but this is one of those matters that frequently occurs in the daily life of a large community. In

determining an application for a preliminary injunction, the Court must be guided and governed by equitable principles. If the case for the plaintiff is clear there is a valid basis for an injunction. Where it is doubtful whether ultimately the plaintiff is likely to prevail, there is less basis for an injunction.

In view of these circumstances and in view of the grave doubts of the Court whether Article 3, Section 1, applies to this situation the Court will deny the motion for a preliminary injunction.

It should be observed that arbitration procedure is provided by the agreement and it is open to the union to ask for arbitration. The motion is denied.

Counsel may submit an appropriate order.